AGOSTINI *v.* PHILIPPI ET AL.

APPEAL from the District Court of Mayagüez.

No. 454.—Decided October 18, 1910.

CONTRACTS—ESSENTIAL ELEMENTS—EXISTENCE AND NULLITY OF A CONTRACT.—
Where all the essential elements of a contract are present, although the contract is defective in form, as for instance, because consent had been obtained through deceit, or because the consideration set forth in the contract was false, it cannot be said that no contract exists, but it may be pronounced null and void, in accordance with the provisions of section 1268 of the Civil Code.

ID.—ACTION FOR ANNULMENT—CONSUMMATION OF CONTRACT—PRESCRIPTION—CON-
FIRMATION.—The right of action for the annulment of a contract continues to
exist for four years only, counted from the date of the consummation thereof,
in cases of deceit or falsity of consideration. If not brought within that
period, the action prescribes and the voidable contract becomes valid.

ID.—PRIVATE DEMANDS.—The action for the annulment of a contract must be
prosecuted in the courts of justice, and strictly private demands made by the
parties cannot be considered as an exercise of the action for annulment.

ID.—CONFIRMATION OF CONTRACTS.—The confirmation of a voidable contract is
not necessary after the expiration of the period within which the action for its
annulment may be prosecuted, for such action having prescribed the contract
becomes valid, and no purpose would be served by its confirmation.

ID.—EFFECTS OF VALIDITY BY PRESCRIPTION OF ACTION.—A contract having become
valid through prescription of the action for its annulment, it cannot serve as
a basis for a claim contrary to its provisions which, in view of the fact that
it had already become valid, must be considered as true and certain.

The facts are stated in the opinion.

*Mr. Leopoldo Feliú* for appellant.

*Mr. Rodolfo Ramírez* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

From the transcript of the record, which contains the judgment roll and a bill of exceptions prepared by the plaintiff and appellant and approved and certified by the trial judge, it appears that Pedro Agostini filed, in the District Court of Mayagüez, a sworn complaint against Otto Philippi and Federico Philippi praying for the annulment of the assignment of rights and actions executed before a notary by the plaintiff and the first of the defendants, and, in consequence thereof, the restoration of the rights and actions so assigned, etc., or the payment of the value thereof, together with indemnity for damages; and that the complaint having been answered by each of the defendants separately, at the hearing counsel for the plaintiff asked that judgment be rendered upon the pleadings on the ground that the answers filed were not sufficient. The defendants objected and the court ruled that the trial should be proceeded with, in view of the fact that, although the answers were not sufficient in part and should be taken to be an admission of the facts alleged in the complaint, they nevertheless contained an allegation of prescription.

No evidence was taken and the court decided the case in the following judgment from which the appeal herein was taken.

"This cause came on for trial on August 30, 1909, the plaintiff appearing through his counsel, Leopoldo Feliú, and the defendants by their attorney, Rodolfo Ramírez. The allegations and arguments of both parties having been heard, the court reserved decision until this day, and now declares that the law and the facts are in favor of the defendants in respect to the defense of prescription alleged thereby, and, consequently, dismiss the complaint with the costs against the plaintiff. This judgment is ordered to be entered in the proper book of this court and execution will issue to the marshal for compliance therewith."

Although apparently two questions are involved in this case, i. e., the sufficiency of the answers and the allegation of prescription made by defendants, there is in fact only one to be considered and decided by us which is the latter, because the former was decided in favor of the plaintiff; and the second question is the one on which the judgment appealed from was based.

Admitting, then, that the answers in this case, in regard to a specific denial of each of the allegations were so defective that they should have been taken as admission of the facts set forth in the complaint, we must consider those facts and determine whether the action prosecuted by the plaintiff had prescribed when the complaint was filed.

The action brought was for the annulment of a contract of assignment of rights and actions entered into by public deed, dated October 18, 1898, by the plaintiff and one of the defendants, and the grounds alleged for the annulment were that the defendants obtained the consent of the plaintiff by means of deceit, and that the consideration set forth in the contract was false.

So then, the nonexistence of a contract is not the question involved but the nullity thereof—that is to say, there has not been an absolute absence of the essential elements of the con-

tract—but the defective existence of those necessary elements, and the case comes within the clear provisions of section 1268 of the Revised Civil Code which reads as follows:

"The action for nullity shall last four years.

"This time shall commence to run:

"In cases of intimidation or violence, from the day on which it has ceased;

"In those of error, deceit or falsity of consideration, from the date of the consummation of the contract;

"When the purpose of the action is to invalidate contracts made by married women, without consent or competent authority, from the date of the dissolution of the marriage;

"And when it refers to contracts executed by minors or incapacitated persons, from the date on which they were released from guardianship."

In accordance with the facts and the law, the time within which the annulment may be sought must be counted from the day on which the deed was executed, and on March 4, 1909, the time within which the complaint should have been filed, had more than expired.

The fact that it is set forth in the complaint that the plaintiff had asked the defendant, Otto Philippi, to restore his share in the inheritance of his deceased mother, and that the defendant had refused and continues still to refuse to do so, and that the last time the plaintiff made such a request was about the month of April, 1906, can in no way affect the decision of the fundamental question under consideration.

The law provides that an action for annulment will continue to exist for four years only, and, if the action is not brought within that period, commencing on the date which the law itself designates, the action prescribes and the voidable contract becomes valid.

A strictly private demand, such as is set forth in the fifth allegation of the complaint, cannot be considered as an exercise of the action for annulment.

Manresa, in speaking of the confirmation of contracts which are null and referring to the same provisions of law contained in our Civil Code, says:

"If the foregoing is evident, it is no less evident that the time within which the confirmation may take effect and go into force is that in which the action has not yet prescribed, because when the action prescribes the nullity ceases, the contract becomes valid, and the former will not be necessary to the extinguishment of an action which has already become extinguished." (8 Manresa., Com. Civ. Cod., 758.)

The appellant alleges in this court that, even if the action for annulment were considered to have prescribed, the district court should have rendered judgment in his favor for damages and losses, inasmuch as they were demanded as an alternative. This theory cannot be accepted. The Revised Civil Code itself, in its section 1270 *et seq.*, provides what must be done in cases where contracts are declared null.

The action for annulment is the fundamental question here. The plaintiff did not prosecute this action before the court until after the expiration of more than 10 years from the date on which the contract was executed—that is to say, after the contract according to the law had become valid and could not serve as a basis for a claim contrary to its provisions—which, in view of the fact that it had become valid, must be considered as true and certain. (See *Vázquez* v. *Vázquez* [15 P. R. Rep., 84], decided by this court February 17, 1909.)

The law granted to the plaintiff an ample opportunity to exercise his rights, and he, by his laches, lost that opportunity and his right has extinguished.

The appeal must be dismissed and the judgment affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Figueras did not sit at the hearing of this case.